IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER BURGONI, *et al.*, <br><br> Defendants. | Case No.: 1:08-cv-00498 OWW JLT <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES <br><br> (Doc. 39) |

The Board of Trustees of the Kern County Electrical Pension Fund, the Board of Trustees of the Kern County Electrical Workers Health & Welfare Trust, and the Board of Trustees of the Kern County Electrical Journeyman and Apprentice Training Trust ("Plaintiffs") seek an order compelling production of documents by Christopher Burgoni, Tadoc Enterprises, and Fulce Enterprises ("Defendant"). (Doc. 39). Defendants did not file an opposition to the motion, though their counsel appeared at the hearing on June 13, 2011.

For the reasons set forth below, Plaintiffs' motion to compel document production is **GRANTED**.

**I.  Factual and Procedural History**

On April 10, 2008, Plaintiffs initiated this action by filing a complaint for accounting and breach of contract against Defendants "based on allegations that Defendants had violated Section

1

515 of ERISA, 29 U.S.C. § 1145, for failing to properly report and pay fringe benefit contributions on behalf of employees performing work covered by a collective bargaining agreement." (Doc. 39-1 at 2; Doc. 1). On July 7, 2008, the parties stipulated that the case be referred to the Voluntary Dispute Resolution Program (VDRP) for an early neutral evaluation (Doc. 12). However, the parties stipulated later to opt out of VDRP and to proceed with private mediation, which was held on August 26, 2008. (Doc. 18).

After the mediation, the parties stipulated that Plaintiff could conduct an audit of Defendants' records "for the purpose of determining alleged obligations to bay contributions on electrician owners" under the collective bargaining agreement. (Doc. 21 at 2). The audit was completed on January 2, 2009, and the auditor determined Defendants owed $264.287.63. (Doc. 29 at 4). Thereafter, the parties participated in a second mediation on April 9, 2009. *Id.* On June 16, 2010, Plaintiffs filed their First Amended Complaint, in which they added a cause of action for fraud. (Doc. 36 at 7-8). Defendants filed their Answer on July 22, 2010.

Plaintiffs served Defendants with written discovery requests on October 22, 2010, including Requests for Production of Documents and Interrogatories. (Doc. 39-1 at 2-3). Responses from Defendants were due November 24, 2010. *Id.* at 3. On November 29, 2010, Plaintiffs' counsel agreed to an extension, giving Defendants until December 13, 2010, to respond to the discovery requests. *Id.* According to Plaintiffs,

> After the extended response deadline had passed, Plaintiffs' counsel exchanged numerous additional emails with counsel for Defendants, inquiring as to whether Defendants would be responding and producing the requested documentation, and when. Defendants' counsel continued to advise, on multiple occasions, that he would be sending the discovery responses and requested documentation on behalf of all his clients shortly. However, no such responses or documentation were received.

*Id.* After Defendants failed to respond, Plaintiffs informed Defendants on March 31, 2011, that a motion to compel the production of documents and answers to interrogatories would be filed within fifteen days if responses were not received. *Id.* On April 12, Defendant's counsel Daniel Klingenberger informed Plaintiffs that he would "send the discovery and file the motion [to withdraw as counsel] this week." (Davis Decl., Exh. E). On May 1, 2011, Mr. Klingenberger again

2

stated that he would send the discovery responses and file motion to withdraw as counsel that week. (Davis Decl., Exh. F). Plaintiffs filed the motion to compel responses on May 13, 2011.

## II. Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III. Requests for Production of Documents

A propounding party may request documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed.R.Civ.P. 34(b). Further, a request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), *quoting Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

Upon receipt of a discovery request, the responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or

1  electronically stored information in its "possession, custody, or control" on the date specified.
2  Fed.R.Civ.P. 34(a).  In the alternative, a party may state an objection to a request, including the
3  reasons.  Fed.R.Civ.P. 34(b)(2)(A)-(B).  When a party fails to respond to a discovery request, the
4  propounding party may seek an order compelling a discovery response.  Fed.R.Civ.P. 37(a)(3)(B).

**IV.   Discussion and Analysis**

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  Fed.R.Civ.P. 37(a)(3)(B).  Here, Plaintiffs assert Defendants have failed to respond to their document requests made pursuant to Rule 24 and interrogatories pursuant to Rule 33.  Thus, Plaintiffs believe an order from the Court is necessary to compel the responses.

Originally, the responses to Plaintiff's discovery requests were due November 24, 2010, but Plaintiffs granted an extension of time until December 13, 2010.  However, no further extensions were granted, and Plaintiffs counsel requested discovery responses several times from January through May 2011.  On November 29, 2010, Plaintiffs' counsel agreed to an extension, giving Defendants until December 13, 2010.  However, Defendants have persisted in their failure to respond to the discovery requests.

Given Defendants' failure to respond to the discovery requests, Plaintiffs' motion to compel production of documents and answers to interrogatories is **GRANTED**.

**V.   Award of Attorney Fees**

Plaintiffs request the monetary sanctions against Defendants for the expenses in connection with the motion, "especially in light of . . . Defendants' longstanding delay tactics and failure to respond to discovery requests, despite Plaintiffs' many attempts at resolving the issue . . ."  (Doc. 39-1 at 5).  According to Plaintiffs' counsel, Ms. Davis, they have incurred $1,850 in the preparation of the motion to compel.  *Id.*; *see also* (Davis Decl., Exh. G).

A party propounding discovery is entitled to an award of attorney fees incurred as a result of the opposing party's failure to cooperate in discovery.  When a motion to compel discovery is

granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A) (emphasis added). However, a court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.*

Here, there is considerable evidence that Plaintiffs attempted to obtain the requested discovery without court action. Plaintiffs sent many emails to Defendants requesting the status of the discovery, beginning November 29, 2010. (Davis Decl., Exh. C). Further, the failure to respond is not substantially justified in light of the fact that counsel has been in possession of at least some of the information since January 23, 2011 and has repeatedly assured Plaintiffs he would provide the discovery responses.[1] (Davis Decl., Exh. E, F). Finally, the Court finds there are no other circumstances that make an award of expenses unjust.[2]

## VI. Conclusion and Order

Defendants have failed to respond to Plaintiffs' requests for production of documents and interrogatories, though the original request was made more than six months ago, and Plaintiffs have attempted to solve the discovery dispute without the assistance of the Court. This motion was necessitated by Defendants' conduct and their continual delay in providing responses. Therefore, Defendants shall pay Plaintiff's reasonable expenses incurred in making the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiffs' motion to compel production of documents and answers to interrogatories is **GRANTED**;

---

[1] At the hearing, Mr. Klingenberger explained that his clients have absented themselves from the litigation which has made preparing formal discovery responses difficult.

[2] Mr. Klingenberger filed his motion to withdraw as counsel on May 16, 2011. (Doc. 40). He informed Plaintiffs on May 1, 2011 that he would file a motion to withdraw and the serve the discovery responses that week. (Davis Decl., Exh. F). However, he failed to do either. Seemingly, Plaintiffs' motion to compel the production of documents and answers spurred Mr. Klingenberger into filing his motion to withdraw, but not to serve the discovery responses.

1     2.    Plaintiff's motion for attorneys fees in the amount of $1,850.00 is **GRANTED**;

2     3.    Defendants **SHALL** produce documents responsive to Plaintiffs' Requests for

3         Production (Set No. 1) and answers to Plaintiffs' Interrogatories (Set No. 1) within

4         ten days of the date of service of this Order.

5 IT IS SO ORDERED.

6 Dated:   **June 13, 2011**                          **/s/ Jennifer L. Thurston**
                                                                               UNITED STATES MAGISTRATE JUDGE