IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER BURGONI, et al., <br><br> Defendants. | Case No.: 1:08-cv-00498 LJO JLT <br><br> ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS <br><br> (Doc. 55) <br><br> AMENDED FINDINGS AND RECOMMENDATIONS STRIKING DEFENDANTS' ANSWER AND ENTERING DEFAULT DUE TO THEIR FAILURE TO COMPLY WITH THE COURT'S ORDERS |

In this matter, Plaintiff has sued an individual, Christopher Burgoni, and two corporations; Tadoc Enterprises and Fulce Enterprises. (Doc. 36). For the following reasons, the Court recommends Defendants' answer be **STRICKEN** and that **DEFAULT BE ENTERED**.

**I.  Background**

Initially, Defendants appeared through counsel and answered the First Amended Complaint on July 22, 2010. (Doc. 38) On July 6, 2011, the Court granted the request of Defendants' attorneys to withdraw from their representation. (Doc. 46) On September 29, 2011, withdrawn counsel served Defendants notice of the Court's order granting the requested withdrawal. (Docs. 49-50)

In the meantime, on September 14, 2011, the Court issued its Order of Reassignment, in which the Court informed the parties that the assignment of the action to Senior U.S. District Judge Wanger was withdrawn. (Doc. 47). The parties were ordered "to affirmatively indicate whether they

consent to or decline the consent of the U.S. Magistrate Judge pursuant to 28 USC § 636 (c) . . . **WITHIN 30 DAYS OF THIS ORDER**." *Id*. at 2 (emphasis in original). Consequently, the parties were to file the form attached to the order, indicating their consent or decline no later than October 14, 2011. The parties were warned: "Failure to timely comply with this order will result in an Order to Show Cause and may result in sanctions." (Doc. 47 at 2). The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. Further, a court may impose sanctions in exercising the "inherent power to control [its] dockets." *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). To date, defendants Christopher Burgoni, Tadoc Enterprises, and Fulce Enterprises (collectively, "Defendants") have failed to comply with the Court's Order.

On October 6, 2011, the Court ordered the corporate defendants, Tadoc Enterprises, and Fulce Enterprises, to have their replacement counsel enter an appearance within 21 days. (Doc. 51) Due to an error in the caption, on October 18, 2011, the Court's issued its amended order to Tadoc Enterprises and Fulce Enterprises, to have their replacement counsel enter an appearance within 21 days. (Doc. 52) As of the signing of this order, no appearance has been entered on behalf of either corporate defendant.

Also on October 18, 2011, the Court issued an order to *all* of the defendants to show cause within 14 days why their answer should not be stricken based upon their failure to file the form indicating whether they consented to Magistrate Judge jurisdiction. (Doc. 53) To date, Defendants have failed to comply with or otherwise respond to the Court's Orders.

**II.   Failure to obey the Court's orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute

an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.   Discussion and Analysis

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); LR 183(a). Further, a court may sanction corporate defendants by striking their answer when they fail to retain counsel to defend themselves. See Galtieri-Carlson v. Victoria M. Morton Enters., Inc., 2010 U.S. Dist. LEXIS 95335, at *3 (E.D. Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); Rojas v. Hawgs Seafood Bar, Inc., 2009 U.S. Dist. LEXIS 41435 at *2 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").

Pursuant to the local rule and applicable case law, the corporate defendants may not appear in this case without counsel. The corporate defendants' original counsel withdrew in July2011 and the corporate defendants have failed to retain alternate counsel since that date. This inaction is in direct violation of the court's order. As such, the corporate defendants' answer is recommended to be stricken and default entered against them.

Moreover, all three defendants were warned that their failure to comply with the Court's order to file a notification regarding Magistrate Judge jurisdiction would result in sanctions.   (Doc. 47 at 2)  This warning was echoed in the Court's order to show cause issued on October 18, 2011 in which the Court warned that failure to timely comply with the would result in the imposition of  "any and all sanctions . . . within the inherent power of the Court." As such, the Court recommends that all defendants' answers be stricken and default entered against them.

///

**IV.   Findings and Recommendations**

The corporate defendants failed to comply with the Court's order to appear through counsel. Moreover, all of the defendants failed to comply with the Court's order to consent to or decline the jurisdiction of a magistrate judge, and the Court's order to show cause why the matter should not be dismissed.  Accordingly, it is **HEREBY RECOMMENDED**:

1. Defendants' Answer to the Amended Complaint be **STRICKEN** and **DEFAULT BE ENTERED** against them for their failure to obey the Court's orders dated September 14, 2011 and October 18, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 30, 2011**                                                      /s/ Jennifer L. Thurston
                                                                                                  UNITED STATES MAGISTRATE JUDGE