MELISSA W. COOK, ESQ.; SBN 134791
mwccoast@aol.com
ERIN E. DAVIS, ESQ.; SBN 259453
ee.davis@sbcglobal.net
MELISSA W. COOK & ASSOCIATES
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Telephone: (619) 280-4302
Facsimile: (619) 280-4304

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS HEALTH & WELFARE TRUST, AND BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL JOURNEYMAN AND APPRENTICE TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER BURGONI, an individual, and doing business as ALPHA OMEGA ELECTRIC; TADOC ENTERPRISES, INC., a California corporation doing business as ALPHA OMEGA ELECTRIC; FULCE ENTERPRISES, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 08 CV-00498-LJO-JLT<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANTS CHRISTOPHER BURGONI AND TADOC ENTERPRISES, INC.<br><br>Hearing Date: June 1, 2012<br>Time: 9:00 am<br>Courtroom: Suite A<br>Judge: Hon. Jennifer Thurston<br><br>Complaint Filed: April 10, 2008 |

Plaintiffs, Board of Trustees of the Kern County Electrical Pension Fund, Board of Trustees of the Kern County Electrical Workers Health & Welfare Trust, and Board of Trustees of the Kern County Electrical Journeyman and Apprentice Training Trust ("Plaintiffs") submit the following memorandum of points and

authorities in support of its Application for Default Judgment against Defendants Christopher Burgoni and Tadoc Enterprises, Inc. (collectively, "Alpha Omega").

## I.
## INTRODUCTION

In this ERISA collection action Plaintiffs seek to recover employee benefit contributions, liquidated damages, attorney's fees and audit fees for contributions owed for the months of July 6, 2000 through December 31, 2007. The total amount owed for contributions, liquidated damages, attorney's fees and audit fees, as set forth below and in the declarations filed herewith, is $308,520.36.

While Defendants have appeared in this action, due to their failure to comply with this Court's orders on several occasions, this Court ordered Defendants' answers stricken, and default was entered against the Defendants on December 21, 2011. Considering this Memorandum of Points and Authorities and the other declarations, exhibits and papers filed herewith, a default judgment against Defendants Christopher Burgoni and Tadoc Enterprises, Inc., is proper.[1]

## II.
## STATEMENT OF FACTS

On or about July 6, 2000, Christopher Burgoni ("Burgoni") doing business as Alpha Omega Electric ("Alpha Omega") executed an agreement in writing entitled "Letter of Assent", which thereby bound Alpha Omega to a Collective Bargaining Agreement between the Kern County Chapter of the National Electrical Contractor's Association and the International Brotherhood of Electrical Workers Local 428 ("CBA"). See the Declaration of Billie Hanner in Support of Application for Default Judgment ("Hanner Decl.") at ¶ 2, submitted herewith. Alpha Omega was selected for a compliance audit, as required by the Trust Agreements for the Plaintiff Trust Funds. As a result, Plaintiffs demanded that

---

[1] Plaintiffs decline to attempt to seek a default judgment against Defendant Fulce Enterprises, and will file a Dismissal against Fulce Enterprises concurrently with this Application for Default Judgment.

Alpha Omega submit to a financial audit to ensure compliance with the CBA. Alpha Omega refused, and this lawsuit was initially filed to compel and audit and collect any amounts determined to be owed. Alpha Omega eventually agreed to provide Plaintiffs with access to its books and records, and an audit took place in early 2009.

The auditor discovered that Alpha Omega Electric had hired subcontractors to perform work covered by the CBA from the time period of August 2004 through November 2006, in violation of the CBA. See Declaration of Michael Surowitz ("Surrowitz Decl.") submitted herewith at ¶¶ 3, 6. The auditor also discovered that Defendant Burgoni became partners with another individual and formed Defendant Tadoc Enterprises, Inc., dba Alpha Omega Electric, on October 10, 2006. See Surrowitz Decl. at ¶ 3. During this time that Alpha Omega continued operating, it failed to pay contributions to Plaintiffs, in violation of the CBA. See Surrowitz Decl. at ¶¶ 4-6.

## III.

## ARGUMENT

### A. PLAINTIFF IS ENTITLED TO RECOVER CONTRIBUTIONS, LIQUIDATED DAMAGES, INTEREST, ATTORNEY'S FEES AND AUDIT FEES AS A MATTER OF LAW

Plaintiff is entitled to entry of a default judgment against Defendants Christopher Burgoni and Tadoc Enterprises, Inc., collectively doing business as Alpha Omega Electric.

*i.  Liability*

Upon default, well-pleaded allegations relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Alpha Omega violated ERISA section 515, 29 U.S.C. § 1145, by failing to pay contributions and submit monthly reports, as required pursuant to the CBA and Declarations of Trust for the Plaintiff Trust Funds. See First Amended Complaint, ¶¶ 22-24, Hanner Decl. at ¶ 12, Surowitz Decl. at ¶ 6. Alpha Omega owes

Memo. of Points In Support of Plaintiffs' App. for Default Judgment by Court    Case No. 08 CV-00498-LJO-JLT

contributions for the time period of August 2004 through December 2007. Additionally, pursuant to Alpha Omega's CBA, which binds Alpha Omega to the terms and conditions of the Declarations of Trust for the Plaintiff Trust Funds, and ERISA section 502(g), 29 U.S.C. § 1132(g), Plaintiffs are entitled to liquidated damages, interest, audit fees and attorney's fees and costs. To establish a claim based on ERISA section 515, 29 U.S.C. § 1145, a plaintiff must demonstrate: (1) the trust fund is a multiemployer plan as defined by Section 3(1) of ERISA, 29 U.S.C. § 1002(37)(A); (2) defendant is an employer obligated to pay contributions in accordance with the plan; and (3) defendant failed to pay contributions in accordance with the plan. Plaintiffs' First Amended Complaint plainly alleges these elements, as do this Application for Default Judgment and the Declarations of Billie Hanner, Michael Surowitz and Erin E. Davis, submitted herewith. Taking these allegations as true, Plaintiffs have established liability against Alpha Omega for violation of ERISA section 515, 29 U.S.C. § 1145.

  *ii.*  <u>Damages</u>

  Plaintiffs submit proof of the damages incurred in the Surowitz Decl. and Hanner Decl., and exhibits to same, submitted herewith. As the Court can see from the Surowitz Decl., the amounts owed to Plaintiffs are broken down as follows: (1) unpaid contributions for August 2004 through December 2007 totaling $264,287.63; and (2) liquidated damages for the same months totaling $24,026.15. See Surowitz Decl. at ¶¶ 6-8.

  As liability has been established and the amount owed to Plaintiffs, as listed above, has been properly authenticated, Plaintiffs respectfully asks that this Court award monetary damages to Plaintiffs in the amount of $288,313.78.

  *iii.*  <u>Attorney Fees and Costs</u>

  Where by contract or statute a plaintiff is entitled to reasonable attorney fees and costs, the court may award such fees and costs in a default judgment. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

- 4 -

Here, the CBA, to which Alpha Omega is bound, as well as ERISA section 502(g), 29 U.S.C. § 1132(g), provide that Plaintiffs are entitled to reasonable fees and costs. See Hanner Decl. at ¶ 5. Plaintiffs have expended $38,327.51 in attorney fees and $2,546.75 in costs since the time that Plaintiffs became aware of Alpha Omega's delinquency for fees incurred in an attempt to collect contributions from the employer. *See* Declaration of Erin E. Davis ("Davis Decl.") at ¶ 7.

Plaintiffs' request for attorney fees is reasonable. Plaintiffs' current and prior attorneys have spent 173.3 hours working on this matter since the inception of the case in 2008. These hours were spent by Plaintiffs' current counsel reviewing and analyzing former counsel's files and becoming familiar with the litigation in progress, preparing the First Amended Complaint, negotiating with Defendants' former counsel regarding document production, preparing formal discovery, preparing a Motion to Compel, telephonically attending a hearing on the same, reviewing filed documents, preparing a response brief to Defendants' counsel's Motion to Withdraw, begin preparing a Motion for Summary Judgment, preparing a response to this Court's Report and Recommendations, and preparing this Application for Default Judgment and related documents, in addition to the work performed by Plaintiffs' former counsel as established by the billing records attached as Exhibit "A" to the Davis Decl., submitted herewith. See Davis Decl. at ¶ 6. Given the length of time Plaintiffs' counsel has spent working on this matter, and the fact that the vast majority of the legal fees are the result of Defendants' continued refusal to cooperate and produce its records for audit, produce discovery or participate in the litigation in any meaningful way, the amount of hours expended by Plaintiffs' counsel is reasonable. Additionally, the hourly rates charged by Plaintiffs' counsels, ranging from $95.00 to $250.00, are reasonable, as it comparable to, or lower than, prevailing market rates for ERISA attorneys in major metropolitan areas in California. An hourly rate of $450 was approved in an ERISA action coming out of the this District Court. *Schofield v. Metro Life Ins. Co.*, 2009

U.S. Dist. LEXIS 36312, 8-9 (E.D. Cal. Apr. 16, 2009). Rates cited in other district court cases are also relevant to determining the prevailing market rate. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.") In *Joas v. Reliance Std. Life Ins. Co.*, 2008 U.S. Dist. LEXIS 33017, 12-13 (S.D. Cal., Dec. 11, 2008), an hourly rate of $350 was approved for an experienced litigator who had minimal ERISA experience. Because ERISA is a fairly specialized practice area for lawyers throughout the State, the Court should consider rates from other federal districts in California. In *Welch v. Metro Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) an hourly rate of $375 was approved for a prevailing ERISA plaintiff in a case from the Central District of California.

Plaintiffs' requests for costs in the amount of $2,546.75 is also reasonable, as the Trust Agreements provide for the award of all costs in addition to attorney's fees. See Hanner Decl. at ¶ 6.

With regard to audit fees, the Trust Agreements, to which Alpha Omega is bound through the CBA, provide that in the event where an audit reveals that an employer failed to correctly report and pay the contributions in accordance with the Trust Agreements, that employer shall be liable for the hourly charge for an audit. See Hanner Decl. at ¶ 6. To date, the Trust Funds have incurred $3,358.47 in audit fees. Accordingly, Plaintiffs respectfully requests that the court award Plaintiffs' attorney and audit fees in the combined amount of $44,232.73.

  *iv. Default Judgment*

Based on a balancing of the factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), Plaintiffs have met the substantive requirements to allow a court to enter a default judgment. Using these factors, the Ninth Circuit considers the following when entering a default judgment: (1) the substantive merit of the claims; (2) the sufficiency of the complaint; (3) the amount of money at stake;

Memo. of Points In Support of Plaintiffs' App. for Default Judgment by Court Case No. 08 CV-00498-LJO-JLT

(4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Id.*

For the reasons mentioned above, Plaintiffs respectfully request that the Court find that a default judgment is warranted in this case. Plaintiffs have proven that Alpha Omega was required to submit contributions to the Trust Funds for the entire period for which it was signatory to the CBA and operating under its namesake, and failed to do so. Plaintiffs will be prejudiced in their ability to enforce their rights under the CBA and pursuant to ERISA section 515, 29 U.S.C. § 1145, absent a default judgment. Plaintiffs served Defendant Burgoni and Defendant Tadoc Enterprises with the First Amended Complaint, and their continued refusal to participate in the litigation process or comply with this Court's orders is not a result of excusable neglect. Without the Defendants' cooperation, it is impossible for this Court to determine the possibility of dispute as to any material facts, though Plaintiffs maintain that there are none. All of these factors together mitigate against the strong policy of favoring decisions on the merits.

## IV.
## CONCLUSION

It is respectfully submitted that Plaintiffs are entitled to default judgment according to the proof submitted.

DATED: April  26 , 2012        MELISSA W. COOK & ASSOCIATES

By: /s/Erin E. Davis
    Melissa W. Cook
    Erin E. Davis
    Attorneys for Plaintiffs