1  MELISSA W. COOK, ESQ.; SBN 134791
   mwccoast@aol.com
2  ERIN E. DAVIS, ESQ.; SBN 259453
   ee.davis@sbcglobal.net
3  MELISSA W. COOK & ASSOCIATES
   3444 Camino del Rio North, Suite 106
4  San Diego, California 92108
   Telephone: (619) 280-4302
5  Facsimile: (619) 280-4304

6  Attorneys for Plaintiffs

7

8                 UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE          ) Case No.  08 CV-00498-LJO-JLT
   KERN COUNTY ELECTRICAL           )
12 PENSION FUND, BOARD OF           ) DECLARATION OF BILLIE
   TRUSTEES OF THE KERN COUNTY      ) HANNER IN SUPPORT OF
13 ELECTRICAL WORKERS HEALTH        ) PLAINTIFFS' APPLICATION FOR
   & WELFARE TRUST, AND BOARD       ) DEFAULT JUDGMENT BY COURT
14 OF TRUSTEES OF THE KERN          )
   COUNTY ELECTRICAL                )
15 JOURNEYMAN AND                   )
   APPRENTICE TRAINING TRUST,       )
16                                  ) Hearing Date:  June 1, 2012
                                    ) Time:          9:00 am
17           Plaintiffs,            ) Courtroom:     Suite A
                                    ) Judge:         Hon. Jennifer Thurston
18      v.                          )
                                    )
19 CHRISTOPHER BURGONI, an          )
   individual, and doing business as )
20 ALPHA OMEGA ELECTRIC;            )
   TADOC ENTERPRISES, INC., a       )
21 California corporation doing business )
   as ALPHA OMEGA ELECTRIC;        )
22 FULCE ENTERPRISES, INC., a       )
   California corporation, and DOES 1 ) Complaint Filed: April 10, 2008
23 through 50, inclusive,           )
                                    )
24           Defendants.            )
   _____)

25 I, Billie Hanner, declare as follows:

26      1.    I am employed as an Administrator for the Kern County Electrical

27 Workers Trust Funds, comprised of the Kern County Electrical Pension Fund, Kern

28 County Electrical Workers Health & Welfare Trust, and the Kern County Electrical

1  Journeyman and Apprentice Training Trust.  These Trust Funds were created to
2  provide employee benefits to field electrical workers and their dependents.  I am
3  familiar with the facts stated herein and if called upon as a witness, I could and
4  would competently testify thereto.

5        2.       On or about July 6, 2000, an individual by the name of Chris
6  Burgoni, ("Burgoni"), doing business as Alpha Omega Electric ("Alpha Omega")
7  executed an agreement in writing entitled "Letter of Assent", which thereby bound
8  Alpha Omega to a Collective Bargaining Agreement between the Kern County
9  Chapter of the National Electrical Contractor's Association and the International
10 Brotherhood of Electrical Workers Local 428 ("CBA").  Said CBA incorporated the
11 terms and provisions of the Declarations of Trust for each of the Trust Fund
12 (hereinafter, and collectively, "Agreements").  A true and correct copy of the Letter
13 of Assent binding Alpha Omega to the terms and provisions of the Agreements is
14 attached hereto as Exhibit "A".  A true and correct copy of the relevant portions of
15 the Declaration of Trust for Journeyman and Apprenticeship Training Trust[1] is
16 attached hereto as Exhibit "B".

17       3.       Pursuant to the terms of the Agreements, Alpha Omega is required to
18 submit monthly reports and pay to the Plaintiffs certain sums per hour for each hour
19 paid and/or worked during each month by electrical workers employed by Alpha
20 Omega ("Contributions").  Said reports and Contributions were agreed to be due
21 and payable on the 15th day of each month after which said hours of work were
22 performed.  Please see Exhibit "B", page 13.

23       4.       Alpha Omega agreed by the terms of the Agreements that liquidated
24 damages in the amount of ten percent (10%) of the principal would be assessed on
25 all delinquent contributions.  Please see Exhibit "B", page 13.

26       5.       The Agreements specify that in the event that suit is brought to

27 _____

28 [1] This declaration of Trust is identical in substance to those for the other Plaintiffs Trust Funds.

Dec. of Billie Hanner In Sup. of Plaintiffs' App. for Default Judgment By Court  Case No. 08 CV-00498-LJO-JLT

1 recover the Contributions and liquidated damages, Plaintiffs are entitled to recover

2 reasonable attorney's fees on all sums due.  Please see Exhibit "B", page 12.

3    6.    The Agreements authorize Plaintiffs to examine and audit the

4 books and records of Alpha Omega to determine whether Alpha Omega is making

5 full and prompt payment of the Contributions to Plaintiffs.  The Agreements further

6 provide that in the event where an audit discloses that Alpha Omega has failed to

7 correctly report and pay the Contributions in accordance with the Agreements for

8 reason other than clerical error or omission, Alpha Omega shall be liable for an

9 hourly charge for the audit, unpaid Contributions, liquidated damages, and

10 reasonable attorney's fees and any other costs of collection. Please see Exhibit "B",

11 page 13.

12    7.    One of my duties as Administrator is to oversee the collection and

13 assessment of the Contributions, interest and liquidated damages owed to Plaintiffs

14 by contractors bound to the Agreements, including Alpha Omega.

15    8.    In my capacity as Administrator, I have in my custody and

16 control the books and records of Plaintiffs which pertain to the amounts owed by

17 Alpha Omega to Plaintiffs.  The records are made at or near the time of the act

18 which is recorded therein.  They are made by myself or a subordinate who is

19 charged with the duty of making such an entry.

20    9.    An audit of Alpha Omega's books and records was performed in

21 January, 2009 which revealed that Alpha Omega had failed to correctly report and

22 pay the Contributions in accordance with the Agreements for some months, and

23 failed to report and pay at all for other months during the audit period of July 6,

24 2000 to December 31, 2007.

25    10.    The total of all funds owed to Plaintiffs by Alpha Omega, including

26 contributions and liquidated damages is $264,287.63.

27    11.    Although demand had been made for Alpha Omega to make

28 payment of contributions, liquidated damages and interest, Alpha Omega has

- 3 -

1  refused, and continues to refuse to pay same.

2      12.   Plaintiffs incurred $3,358.47 in audit fees, as reflected in the

3  Declaration of Michael Surowitz and Exhibit "C" thereto, filed herewith.

4      13.   The Agreements are binding upon the heirs, executors,

5  administrators, successors, purchasers, and assigns of Alpha Omega, including any

6  name or style under which business is conducted with respect to work covered by

7  the Agreements.

8      14.   My records indicate that Alpha Omega is not an infant or incompetent

9  person or in military service or otherwise exempted under the Soldiers' and Sailors'

10 Civil Relief Act of 1940.

11     I declare under penalty of perjury under the laws of the State of California

12 that the foregoing is true and correct and this declaration was executed on this

13  __24th__ day of __April__ 2012, at San Diego, California.

14

15                              /s/Billie Hanner (original signature retained by attorney)
                               Billie Hanner
16

17

18

19

20

21

22

23

24

25

26

27

28

Dec. of Billie Hanner In Sup. of Plaintiffs' App. for Default Judgment By Court   Case No. 08 CV-00498-LJO-JLT

## LETTER OF ASSENT

This is to certify that the undersigned employer has examined a copy of the current approved __Inside__ labor agreement between __Kern County Chapter, NECA__ and Local Union __428__, IBEW.

The undersigned employer hereby agrees to comply with all of the provisions contained in the above mentioned agreement and all approved amendments thereto, as well as subsequent approved agreements between __Kern County Chapter, NECA__ and Local Union __428__, IBEW. It is understood that the signing of this letter of assent shall be as binding on the undersigned employer as though he had signed the above referred to agreement, including any approved amendments thereto, and any subsequent approved agreements.

This letter of assent shall become effective for the undersigned employer on the __6th__ day of __July__ __2000__ and shall remain in effect unless and until terminated as provided in the following paragraph.

If the undersigned employer does NOT intend to comply with and be bound by all of the provisions in any subsequently approved agreements between __Kern County Chapter, NECA__ and Local Union __428__, IBEW, he shall so notify the Local Union in writing at least one hundred (100) days prior to the termination date of the then current agreement.

The Employer agrees that if a majority of its employees authorizes the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreements requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

__Alpha Omega Electric__
Name of Firm
__4912 McCloud Ct.__
Street Address/P. O. Box Number
__Bakersfield, CA  93308__
City, State (Abbr.) Zip Code
Federal Employer Identification No. __545-__
SIGNED FOR THE EMPLOYER
BY _(original signature)_
NAME __Chris Burgoni__
TITLE/DATE __Owner__

Telephone:
FAX: (661) 587-8019
License: 773

**APPROVED**
INTERNATIONAL OFFICE IBEW
NOV 7 2000
J.J. Barry, President
This approval does not make the ... a party to this agreement.

SIGNED FOR THE UNION __428__, IBEW
BY _(original signature)_
NAME __Danny Kane__
TITLE/DATE __Business Manager__
__11-3-00__

INSTRUCTIONS (All items must be completed in order for assent to be processed)

TYPE OF AGREEMENT — Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.
NAME OF CHAPTER OR ASSOCIATION — Insert full name of NECA Chapter or Contractors Association Involved.
LOCAL UNION — Insert Local Union Number.
EFFECTIVE DATE — Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.
EMPLOYER'S NAME & ADDRESS — Print or type Company name & address.
FEDERAL EMPLOYER IDENTIFICATION NO. — Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.
SIGNATURES
SIGNER'S NAME — Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures—not reproduced—of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW FORM 303 REV. 6/94

EXHIBIT A

TOTAL P.01

5

RESTATED AGREEMENT AND DECLARATION OF TRUST

OF THE

## KERN COUNTY ELECTRICAL
## JOURNEYMAN AND APPRENTICE TRAINING TRUST

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust, effective January 1, 1962, by and between the KERN COUNTY CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INC., hereinafter referred to as the "Association", and LOCAL NO. 428, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, hereinafter referred to as the "Union", and certain individual Trustees, which Agreement created an apprenticeship and training fund as therein provided; and

WHEREAS, under Article VIII of said Agreement and Declaration of Trust, the parties have the power and authority to amend such Agreement and Declaration of Trust from time to time as therein provided; and

WHEREAS, it is determined to be desirable to amend said Agreement and Declaration of Trust;

NOW, THEREFORE, the parties have executed this Restated Agreement and Declaration of Trust; and

NOW, THEREFORE, the Trustees, designated and in office, as such, have executed this Restated Agreement and Declaration of Trust as indicating their acceptance of the respective duties imposed upon them as Trustees under the terms of this Agreement, to read as follows:

WHEREAS, the Association has entered into, and will from time to time hereafter enter into, collective bargaining agreements with the Union on behalf of employees represented by it, which collective bargaining agreements have provided and will provide, among other things, for the payment, by members of the Association to the Trustees of

-1-

this Trust of hourly contributions as set forth in said collective bargaining agreements; and

WHEREAS, the sums payable to the Trust as aforesaid are for the purpose of providing training and related benefits as now are or may hereafter be authorized or permitted by law for eligible Participants as determined hereunder; and

WHEREAS, the Trustees have been duly appointed in accordance with the provisions of this Agreement;

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements herein contained, it is hereby agreed as follows:

ARTICLE I

DEFINITIONS

Section 1.1   Employer.   The terms "Employer" and "Contractor" as used herein shall mean:

(a)  An employer who is a member of, or is represented in collective bargaining by, the Association and who is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to employees represented by the Union.

(b)  An employer who is not a member of, nor represented in collective bargaining by, the Association, but who has duly executed or is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust with respect to employees represented by the Union.

(c)  The Union which, for the purpose of making the required contributions into the Trust, shall be considered as the Employer of the full-time salaried officers of the Union for whom the Union contributes to the Trust.

(d)  Employers as described in this Section shall, by the making of payments to the Trust, pursuant to such

-2-

o change or modify the provision of this Trust Agreement or to decide any issue arising under or involving the interpretation of any collective bargaining agreement between the Union and the Association, and such arbitrator shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

Section 3.14  Removal of Trustee (Violation of Act).
The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of the Act.  The vacancies caused by such a removal shall be filled in accordance with Section 3.3 of this Article.

## ARTICLE IV

### CONTRIBUTIONS AND COLLECTIONS

Section 4.1  Employer Contributions.

(a)  Each Employer shall make prompt contributions or payments to the Trust in such amount and under the terms provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.  An Employer shall make such contributions on a monthly basis on such transmittal reports as the Trustees may prescribe.  The Trust shall cause one copy of the transmittal report to be sent to the Union.  The Employer agrees that such contributions shall constitute an absolute obligation to the Trust, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Trust shall be paid to the Trustees, or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent.

-11-

EXHIBIT B                                                    8

the Trust purposes, collecting payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes. Each Employer agrees to pay reasonable costs of collection and reasonable attorneys' fees, if found liable.

Section 4.4  Production of Records. Each Employer shall promptly furnish to the Trustees on demand the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust and for no other purpose. The Trustees may, by their representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

If the audit of the Employer's payroll records finds additional amounts of contributions due and delinquent to the Trustees, then the Employer shall be liable for the reasonable costs incurred by the Trustees in performing the audit.

Section 4.5  Monthly Reports; Liquidated Damages. Each monthly contribution to the Trust shall be made promptly and shall include all Employees covered by this Agreement who shall have worked during the Employer's payroll month and shall be paid on or before the 15th day of the calendar month following the payroll month in which the Employee worked. Any contributions received later than the 20th day of the calendar month following the payroll month in which the Employee worked shall be considered delinquent. The parties recognize and acknowledge that the regular and prompt payment of Employer contributions to the Trust is essential to the maintenance of the Trust, and that it

-13-

would be extremely difficult, or impracticable, to fix
the actual expense and damage to the Trust which would
result from the failure of the Employer to pay his contri-
butions in full within the time above provided.  Therefore,
the amount of damage to the Trust resulting from any such fai-
lure  shall be presumed to be the sum of $20.00 or 10%,
whichever is greater, of the amount owed for each month the
Employer is delinquent and/or deficient in his payments.
This amount shall become due and payable to the Trust by the
Employer as liquidated damages, and not as a penalty, if
assessed by the Trustees and shall be a part of any award
granted by the Labor-Management Committee under a collective
bargaining agreement and shall be in addition to the required
contribution.

Section 4.6  Early Reporting for Delinquents.  If any
individual Employer fails to make his or its monthly contri-
bution in full on or before the 15th day of the month on
three occasions within any twelve-month period, the Trustees
may provide by resolution that thereafter during the twelve-
month period immediately following such resolution the 10th
day of the month shall be the delinquency date for such
individual Employer.

Section 4.7  Employer Liability to Employees.  A
delinquent Employer shall be liable to any Employee who is
affected by such delinquency, in a sum equal to the value of
the benefits lost by the Employee by reason of the delinquency
of said Contractor.  A delinquent Employer shall be liable
to reimburse this Trust for the cost or value of any benefits
which may be made available by the Trustees to any Employee
affected by the failure of the delinquent Employer to make
the required contribution under this Trust.

-14-

EXHIBIT B                                            10

Section 4.8   Several Liability.   Non-payment by any Employer, of any contribution or other moneys owed to the Trust shall not relieve any other Employer from his or its obligation to make required payments to the Trust.

ARTICLE V

POWERS AND DUTIES OF TRUSTEES

Section 5.1   Conduct of Trust Business.   The Trustees shall have general supervision of the operation of this Trust and shall conduct the business and activities of the Trust in accordance with this Trust Agreement and applicable law.   The Trustees shall hold, manage and protect the Trust and collect the income therefrom and contributions thereto. The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Trust which instruments shall be signed by at least one Employer Trustee and one Employee Trustee, provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

Section 5.2   Use of Fund for Expenses.   The Trustees shall have the power and authority to use and apply assets of the Trust to pay or provide for the payment of all reasonable and necessary expenses (i) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (ii) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

-15-

EXHIBIT B                                11