IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BURGONI, et. al,<br><br>Defendants. | Case No. 1:08-cv-00498 LJO JLT<br><br>ORDER DISREGARDING LETTER RE REQUEST FOR WITHDRAWAL OF DEFAULT<br><br>(Doc. 73). |

The Board of Trustees of the Kern County Electrical Pension Fund, Board of Trustees of the Kern County Electrical Workers Health & Welfare Trust and Board of Trustees of the Kern Court Electrical Journeyman and Apprentice Training Trust ("Plaintiffs") sought entry of default judgment against defendants Christopher Burgoni ("Burgoni") and Tadoc Enterprises ("Tadoc") on April 27, 2012. (Doc. 64). The matter was scheduled to be heard on June 1, 2012. (Doc. 64).

On May 30, 2012, the Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and therefore vacated the June 1, 2012 hearing. (Doc. 68). Prior to that date, the Court had received no objections to Plaintiffs' motion from Defendants.

On June 14, 2012, Magistrate Judge Thurston recommended that Plaintiffs' motion for entry of default judgment be granted. (Doc. 69). Defendants filed no objections to the Court's

Findings and Recommendations and the Order Adopting the Findings and Recommendations was subsequently issued on July 3, 2012.  (Doc. 70).  Judgment in favor of Plaintiffs was issued on July 3, 2012 as well.

On August 13, 2012, Christopher Burgoni sent a letter to this Court requesting that the judgment be set aside and a new hearing be scheduled.  (Doc. 73).  Though Defendant Burgoni asserts in the letter that he was not aware that the Court took the matter under submission without a hearing, he offers no explanation for his failure to file written opposition to the motion for default judgment and fails to provide any explanation why default judgment should not have been granted.  Federal Rules of Civil Procedure explains that a request for a court order must be made by motion.  (F.R.C.P. 7).  Thus, because the letter fails to provide even basic information which would justify the Court treating it as a motion to set aside the judgment, the Court will disregard it.

Finally, Defendant Burgoini is advised, once again, that he cannot represent the entities; they may appear *only* through counsel.

Accordingly, IT IS HEREBY ORDERED that the letter from Christopher Burgoini, dated July 31, 2012 and filed August 18, 2012, is **DISREGARDED**.

IT IS SO ORDERED.

Dated:   **August 21, 2012**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

2