UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHRISTOPHER BURGONI, et al.,<br><br>　　　　　Defendants. | Case No.: 1:08-cv-00498-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT AND DEFAULT JUDGMENT<br><br>(Doc. 81) |

Defendant Christopher Burgoni seeks to have the entry of default and default judgment set aside by the Court. (Doc. 81). Plaintiffs have opposed the motion. (Doc. 85). For the following reasons, the Court recommends Defendant's motion to set aside entry of default and default judgment be **DENIED**.

**I.      Procedural History**

On April 10, 2008, the Board of Trustees of the Kern County Electrical Pension Fund, Board of Trustees of the Kern County Electrical Workers Health & Welfare Trust and Board of Trustees of the Kern Court Electrical Journeyman and Apprentice Training Trust ("Plaintiffs") initiated this action against Christopher Burgoni, individually and doing business as Alpha Omega Electric, and two corporations: Tadoc Enterprises, Inc. and Fulce Enterprises, Inc. Initially, the defendants appeared through counsel and answered the First Amended Complaint on July 22, 2010. (Doc. 38). On July 6,

1

2011, the Court granted the request of the defendants' attorneys to withdraw from their representation. (Doc. 46), and the defendants received notice of the Court's order. (Docs. 49-50).Burgoni received personal service of the order on September 29, 2011. *Id*. at 49.

On September 14, 2011, the Court issued its Order of Reassignment, in which the Court informed the parties that the assignment of the action to Senior U.S. District Judge Wanger was withdrawn. (Doc. 47). The parties were ordered "to affirmatively indicate whether they consent to or decline the consent of the U.S. Magistrate Judge pursuant to 28 USC § 636 (c) . . . within thirty days of this order." *Id.* at 2 (emphasis omitted). The parties were warned: "Failure to timely comply with this order will result in an Order to Show Cause and may result in sanctions." *Id.* at 2. However, the defendants failed to respond to the Court's order.

On October 6, 2011, and again on October 18, 2011, the Court's issued its amended order to Tadoc Enterprises and Fulce Enterprises, to have their replacement counsel enter an appearance within 21 days. (Docs. 51, 52) This never occurred.[1] On this same date, the Court issued an order to all of the defendants to show cause within fourteen days why sanctions should not be imposed for their failure to report to the Court whether they consented to the jurisdiction of the Magistrate Judge, or in the alterative, to complete and file the form. (Doc. 53). Again, the defendants failed to respond to the Court's order. Therefore, on November 30, 2011, the Magistrate Judge recommended sanctions be imposed against defendants, specifically, striking their answer and entering default. (Doc. 58). On December 21, 2011, the District Judge reviewed the record, including objections by defendant Christopher Burgoni ("Burgoni"), and adopted the recommendations. (Doc. 60). Thus, the answer was stricken and default was entered against the defendants. *Id.* at 2.

Plaintiffs filed a motion for default judgment against Burgoni and Tadoc Enterprises on April 27, 2012, and set the matter for hearing on June 1, 2012. (Doc. 64). Having received no opposition to the motion from any Defendant, on May 30, 2012, the Court took the matter under submission

---

[1] On April 30, 2012, the Court granted Plaintiff's motion to dismiss the matter as to Fulce Enterprises. (Doc. 67)

2

pursuant to Local Rule 230.[2] (Doc. 68). Plaintiff's motion for default judgment was granted by the Court on July 3, 2012, and judgment was entered against the defendants. (Docs. 70-71).

On August 13, 2012, Burgoni filed a letter to this Court requesting the judgment be set aside and a new hearing be scheduled. (Doc. 73). Burgoni asserted he was not aware the motion for default judgment was taken under submission without a hearing, but offered no explanation for his failure to file a written opposition. The Court noted he failed to provide information which would justify treating it as a motion to set aside the judgment, and the letter was disregarded. (Doc. 74).

Burgoni waited until November 13, 2012, to file the motion currently before the Court. (Doc. 81). In this motion, Burgoni asserts that he operated a business called Alpha Omega Electrical beginning in January 2000. (Doc. 81 at 3) Though he disagreed that he needed to, he signed a contract with the I.B.E.W. Local 428 in May 2000 which outlined his obligation to contribute to the Kern County Electrical Workers Health and Welfare Trust. *Id.* From August 2000 through 2007, Burgoni provided monthly reports which indicated he had employed no members of the I.B.E.W. Local 428 which, he claims, excused him from making any contributions to the fund. *Id*.

In June 2006, Burgoni reports "Alpha Omega Electric ceased operating as a sole proprietor business and I accepted employment with TADOC ENTERPRISES." (Doc. 81 at 5) However, rather than "accepting employment with Tadoc," at the hearing it became clear that Burgoni was a principal of Tadoc and continued to operate Alpha Omega. The way this was accomplished is a little unclear but Burgoni reported that he and a person named Neil Fulce formed Tadoc Enterprises. (Doc. 38 at 2) At the time, Burgoni reported Fulce was operating a "data" company which was, presumably, Technology Distribution Company. *See* Doc. 64-3 at 2.

Burgoni reports in his motion that sometime in 2007 or 2008, he was requested to allow an audit of Alpha Omega's books and "first resisted but after threats of legal action, [he] relented and agreed to a date." (Doc. 81 at 5) Burgoni claims he appeared at the requisite time and place but the auditor did not appear. *Id*. After this, the litigation was begun. *Id*. Burgoni asserts that an attorney

---

[2] Notably, the Rule provides, "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." L.R. 230(c). Likewise, the Rule permits the Court permitted to take a matter under submission without oral argument. L.R. 230(g).

3

"was hired," but fails to detail who hired the lawyer and then reports that the attorney "was released" again without reporting who took this action. *Id*. at 6.

Nevertheless, Burgoni reports that after the parties, through counsel, engaged in an early neutral evaluation, Defendants agreed Plaintiffs would be allowed to audit Alpha Omega's books. (Doc. 81 at 6)  The parties resumed mediation after the audit occurred but could not settle the case because Defendants had no money to offer. *Id*.

Burgoni admits he was aware that counsel was allowed to withdraw but asserts he did not know he needed to alert the Court of his mailing address. (Doc. 81 at 6)  He asserts that opposing counsel had his home address and offers no explanation how he thought he would receive communication from the Court given his failure to provide an accurate mailing address.[3,4]  Burgoni asserts that any failure on his part was due to a "lack of understanding." *Id*. at 7.

In their opposition, Plaintiffs argue Burgoni's ignorance of the legal procedures is insufficient grounds to set aside the default and default judgment. (Doc. 85 at 7)  In addition, they assert they would suffer prejudice if the default judgment was set aside given the lengthy passage of time since entry of default and due to the fees and costs they have incurred achieving that result and in post-judgment collection efforts. (Doc. 85 at 4)

The Court heard the oral arguments of the parties on December 18, 2012.

**II.     Legal Standards**

The Federal Rules of Civil Procedure govern the court's entry of default and default judgment. Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  However, once default judgment has been entered, Rule 60 provides the court discretion to relieve a party from judgment for "mistake, inadvertence, surprise, or excusable neglect," if the party

---

[3] He notes that in November 2011, his former counsel provided "a courtesy change or address to the court." (Doc. 81 at 6)  In so doing, he seems not to appreciate that the courtesy extended was *to him*, not to the Court.  Instead, Burgoni was *obligated* to update the Court as to his correct mailing address.  This Court's Local Rule 182(f) provides, "Each . . . pro se party is under **a continuing duty** to notify the Clerk and all other parties of any change of address or telephone number of . . . the pro se party. **Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective**." Emphasis added.

[4] Burgoni explains he "believed at this point that I would be allowed a day in court to be able to state my case, therefore I did not respond to the motion in writing . . ." (Doc. 81 at 6) However, he offers absolutely no explanation for his belief that he could, from all appearances, abandon the litigation and the motions filed but expect the Court to stand at the ready to receive whatever oral statements he wished to utter.

4

requests such relief not more than a year after the entry of judgment. Fed. R. Civ. P. 60(b)(1); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

Where, as here, a defendant seeks relief under Rule 60 for "excusable neglect," the Court applies the same factors governing the inquiry into "good cause" under Rule 55. *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir.2010). Therefore, the court considers "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[5] *United States v. Mesle*, 614 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). The standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Franchise Holding II*, 375 F.3d at 926.

### III.   Discussion and Analysis

#### A.   Timeliness

Motions made pursuant to Rule 60 must be made within a reasonable time of the judgment, and no more than one year after entry of judgment. Fed. R. Civ. Proc. 60(c)(1). Here, the Court entered judgment on July 3, 2012. (Doc. 71). Though Burgoni filed his August 13, 2012, he offers no explanation for his failure to take more expedient steps to bring this motion to the Court after his letter was disregarded and the Court instructed that he must file a motion. (Doc. 74) He delayed more than three months after this. However, the Court will presume Burgoni's motion is timely.

#### B.   Culpable conduct

Actions are culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 697 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)). Here, Burgoni asserts his "lack of understanding the requirements of the law led [him] to neglect answering the motion for

---

[5] The Ninth Circuit explained, "While the same test applies for motions seeking relief from default judgment under Rule55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context. This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." *Signed Personal Check No. 730*, 615 F.3d at 1091, n.1 (quotation marks and citation omitted).

1  default in a written form to the court, instead of waiting to be heard in person on the scheduled court
2  date." (Doc. 81 at 4).

3  Notably, default was entered after Burgoni failed to comply with the Court's orders dated
4  September 14, 2011 and October 18, 2011.  Although Burgoni was warned that failure to comply with
5  the Court's orders "may be grounds for the imposition by the Court of any and all sanctions . . . within
6  the inherent power of the Court (*see* Doc. 47 at 2, Doc. 53 at 1-2), he failed to comply with—or even
7  respond to—the Court's orders.  Burgoni has not explained his conduct and, given his studied neglect
8  of this case, it appears he acted willfully in his repeated failures to comply with the Court's orders.
9  Consequently, this factor does not weigh in favor of setting aside the entry of default or default
10  judgment.

11      C.    <u>Meritorious Defense</u>

12  In seeking to vacate a default judgment, a defendant "must present specific facts that would
13  constitute a defense." *TCI Group*, 244 F.3d at 700.  However, the burden "is not extraordinarily
14  heavy." *Id.*  A defense does not have to be proven by a preponderance of the evidence, but the moving
15  party must establish "a factual or legal basis for the tendered defense." *Tri-Con't Leasing Corp., Inc.*
16  *v. Zimmerman*, 485 F. Supp. 496, 497 (N.D. Cal. 1980).  Here, Burgoni offers scant facts in his motion
17  to demonstrate he has a meritorious defense.  However, the gist of his defense is that he did not have
18  any employees who were members of the I.B.E.W. Local 428 such to require contributions to the trust.
19  (Doc. 81 at 6)

20  It appears that the portions of the agreements attached to the complaint and the motion for
21  default judgment—as least as far as the Court could find—did not include the portions which describe
22  the employees who are covered by the CBA.  Presumably it covers only those employees who could
23  benefit from the trusts that are funded thereby.  Undoubtedly, this includes the members of the
24  I.B.E.W. Local 428.  However, at the hearing, Plaintiffs' counsel reported she believed it applied to
25  any employee who performed electrical work whether the employee was a member of the union.

26  In their motion for default judgment, Plaintiffs' proffered the declaration of Michael Surowitz
27  who conducted the audit of Alpha Omega's books. (Doc. 64-3 at 2-3)  Surowitz attested that he
28  discovered Alpha Omega had subcontracted work to a person named Doug Kennedy and a company

named Fulce Enterprises, which was owned by Neil Fulce. *Id*. Surowitz declared that Kennedy was covered by the CBA and Fulce Enterprises, doing business as Technology Distribution Company, was also because of the common ownership with Burgoni and Tadoc. *Id*. Surowitz reported that there were a number of employees of Technology Distribution Company which were covered by the CBA. *Id*. at 3, 19. Finally, Surowitz attested that Tadoc employed people covered by the CBA. *Id*. at 3, 20.

As noted above, Burgoni stated in his motion and at the hearing, "I never employed anyone who was a member of the trust and so no payments were made." (Doc. 81 at 3) This statement, if proven true, may be a meritorious defense to Burgoni's personal liability for the period of time before Tadoc took over operating Alpha Omega, but it would not constitute a complete defense. Indeed, Burgoni admitted that when he submitted his monthly reports to the I.B.E.W. as required by his contract, he reported on behalf of Tadoc also. Despite this, he makes no representation that this entity never employed CBA covered employees nor subcontracted with entities that did. Without this, there is no defense to the fraud claim or to the breach of contract claim.

Accordingly, though Burgoni may have proffered a partial defense to a part of a claim, the defense fails to address most of the claims made in the First Amended Complaint. Thus, this factor does not weigh in favor of setting aside the entry of default or default judgment.

D.   Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. The relevant inquiry is "whether [the plaintiff's] ability to pursue is claim will be hindered. *Falk*, 739 F.2d at 463. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. *TCI Group*, 244 F.3d at 701 (citing *Thomspon v. American Home Assur*., 95 F.3d 429, 433-34 (6th Cir. 1996)).

Naturally, setting the entry of default and default judgment would involve delaying resolution of the case. However, the length in the delay in this case appears to be prejudicial. The action has been pending for four years, and further delay will likely lead to increased difficulties in discovery. Burgoni's failure to participate in the action until receiving notice of the sanctions levied against him and the resulting default judgment demonstrate his willingness to defy the Court's orders and

requirements of the Local Rules.  Accordingly, this factor does not weigh in favor of setting aside the entry of default or default judgment.

## IV.     Findings and Recommendations

As discussed above, Defendant Christopher Burgoni has failed to demonstrate he acted with "excusable neglect."  *See Franchise Holding II*, 375 F.3d at 926.

Accordingly, **IT IS HEREBY RECOMMENDED** that Burgoni's motion for relief from the entry of default and default judgment be **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 18, 2012**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE