IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL PENSION FUND, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER BURGONI, *et al.*, <br><br> Defendants. | Case No.: 1:08-cv-00498-LJO-JLT <br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT AND DEFAULT JUDGMENT <br><br> (Doc. 87) |

Defendant Christopher Burgoni seeks to have the entry of default and default judgment set aside by the Court. (Doc. 81). On December 18, 2012, the Magistrate Judge recommended Defendant's motion be denied. (Doc. 87).

Under the Federal Rules of Civil Procedure, the entry of default may be set aside for default. Fed.R.Civ.P. 55(c). In addition, the Court has "discretion to relieve a party from judgment for 'mistake, inadvertence, surprise, or excusable neglect,' if the party requests such relief not more than a year after the entry of judgment." (Doc. 87 at 4-5) (quoting Fed.R.Civ.P. 60(b)(1)). To determine if a defendant demonstrates good cause or excusable neglect, the Court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 614 F.3d 1085, 1091 (9th Cir. 2010).

1  The Magistrate Judge noted Defendant's motion was filed within a year after entry of judgment. (Doc. 87 at 5). However, the Magistrate Judge found the factors set forth by the Ninth Circuit weighed against setting aside the entry of default or default judgment. Specifically, the Magistrate Judge found it appeared Defendant "acted willfully in his repeated failures to comply with the Court's orders." Id. at 6. In addition, the Magistrate Judge determined Plaintiff failed to offer a defense that addressed the claims of fraud and breach of contract. Id. at 7. Finally, the Magistrate Judge found the length of delay in the case appeared to be prejudicial, because the case was pending for four years, and Defendant's "failure to participate in the action until receiving notice of the sanctions levied against him and the resulting default judgment demonstrate his willingness to defy the Court's orders and requirements of the Local Rules." Id. at 7-8.

The Findings and Recommendations contained a notice that any party may file objections within fourteen days of service, or by January 2, 2013. (Doc. 87 at 8). Further, the parties were "advised that failure to file objections within the specified time may waive the right to appeal the district judge's order." Id. However, no objections were filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's findings and recommendation are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed December 18, 2012 are **ADOPTED IN FULL**; and
2. Defendant Christopher Burgoni's motion for relief from the entry of default and default judgment is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 3, 2013**          /s/  **Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE